UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISVAN ABRAHAM DE LA RED-PEREZ,

    Petitioner,

v.      Case No.: 2:26-cv-00060-SPC-NPM

DAVID HARDIN,

    Respondent,

## OPINION AND ORDER

Before the Court are Lisvan Abraham de la Red-Perez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Red-Perez's reply (Doc. 5). For the below reasons, the Court grants the petition.

Red-Perez is a native and citizen of Cuba. He entered the United States without inspection on March 22, 2022, to seek asylum. The Department of Homeland Security ("DHS") issued Red-Perez a notice to appear and released him under an order of release on recognizance. Immigration and Customs Enforcement ("ICE") re-detained Red-Perez on October 25, 2025, when he reported to the ICE office in Miramar, Florida for an annual check-in. ICE maintains Red-Perez is subject to mandatory detention and is ineligible for a bond hearing.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Red-Perez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Red-Perez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondent argues (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondent acknowledges, the Court rejected his arguments in cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Red-Perez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Red-Perez has a right to a bond

hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondent to either bring Red-Perez before an immigration judge for an individualized bond hearing or release him within ten days. The respondent notes that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Red-Perez to mandatory detention under § 1225(b)(2) is unlawful. If the respondent is unable to ensure Red-Perez receives the bond hearing he is entitled to under § 1226(a) within ten days, the detention must end.

Accordingly, it is hereby

**ORDERED**:

Lisvan Abraham de la Red-Perez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondent shall either (1) bring Red-Perez for an individualized bond hearing before an immigration judge or (2) release Red-Perez under reasonable conditions of supervision. If the respondent releases Red-Perez, the respondent shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 29, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1